ROBERT L. BLAND, Judge.
By her complaint filed herein on September 28, 1941, claimant, Sarah E. Moore, a resident of Little Hart creek, in Lincoln county, West Virginia, asks an award of $2500.00 damages to compensate her for personal injuries received in an accident which she sustained on January 28, 1936. She contends that a *94 day or two prior to that date employees of the state road commission, while "working on state route No. 10, in Lincoln county, about two miles west of the town of Ranger, removed the snow from the surface of said road, and while removing the snow from the ditch line of the highway, with a road grader, placed, or caused to be heaped, a ridge or layer of snow, ice and mud from twelve to fourteen inches in height, upon .and across the highway, path and steps leading from claimant’s home to said highway. She further claims that the said highway, path and steps, blocked by the said snow, mud and ice was the only usable way or road of getting to said highway from her home; and that due to such negligent act in placing and heaping said snow, mud and ice as aforesaid, and leaving the same so placed and heaped, while she was using said highway, path and steps leading from her home to said state route No. 10, in an attempt to go to said highway, she stepped on top of said pile or heap of snow, mud and ice, and the same being frozen into a crust on top, broke under her weight and caused her to fall, breaking both bones in her left leg between the ankle and knee.
Respondent has filed a general denial of liability. Claimant must prove her claim by a preponderance of the weight of evidence. She must show that her claim is one for which an award may be made. To do this she testified on her own behalf, and introduced as witnesses her husband, Francis Leet Moore, and her two daughters, Siddy Midkiff and Ruby Black, who gave evidence in support of her claim. Beyond showing her unfortunate accident, which has undoubtedly caused her much pain and suffering and necessitated the expenditure of money for medical and surgical treatment, the evidence on which she relies is vague, unsatisfactory and without probative value, and falls far short of establishing a case of negligence on the part of respondent.
It appears from the record that on either the 24th or 25th day of January 1936, there was a heavy snowfall in the vicinity of claimant’s home. This snow fell upon state route No. 10. For the convenience and safety of traffic it was necessary to remove this snow from the highway. A motor patrol grader was used *95 for the purpose of doing so. It removed the snow from the highway and deposited it in a windrow, at least two feet outside of the edge of the paved portion of the road. This deposit of said snow formed a small ridge, claimant and her witnesses not being in agreement as to its actual height. In her complaint claimant alleges that it was from twelve to fourteen inches in height, and the evidence does not show it to have been higher than fourteen inches. This snow was distributed uniformly along the side of the road. . .
Claimant’s property abutted for its full width upon state route No. 10. . The dwelling house thereon was located from twenty-five to thirty yards from the highway. The lawn between this dwelling house and highway was, according to claimant’s statement, “slanting.” A walk or pathway led from the house to the road. At the point where the premises abutted on the highway there was a small bank. From this bank to the thoroughfare were three flagstone steps. The snow on the walk or pathway from the dwelling house to the highway had been swept by claimant’s husband. On the day of the accident claimant and her husband had walked down this pathway to route No. 10 on their way to visit a nearby neighbor. Claimant’s husband stepped from the third flagstone over the small ridge of snow deposited upon the edge of the highway. Claimant, however, stepped onto the snow and broke her leg. Apparently neither claimant nor her husband regarded the windrow of snow as dangerous at the time they attempted to enter upon the highway, nor does it appear from the evidence that it was in fact dangerous. The evidence does not show that claimant’s husband warned her against danger in crossing to the highway, or offered her assistance in doing so. Both claimant and her husband knew that this small windrow of snow was on the outer edge of the highway. It presented no impediment to claimant’s access to the highway. Claimant’s husband testified that he had swept the pathway from the house to the road, including the three flagstone steps. This ridge of show was two feet from the outer edge of the pavement and between the pavement and these steps, evidently leaving a distance between the snow and road right-of-way. It therefore appears *96 from the evidence that claimant had an unobstructed outlet from her premises to the highway before the ridge of snow was reduced.
The mere fact of injury received on a state highway raises no presumption of negligence on the part of the state road commission. Under the act creating the court of claims negligence on the part of the state agency involved must be fully shown before an award will be made. In this case it is not shown by the evidence that claimant’s injury resulted from the road commission’s negligence. Negligence has not been established.
We think that lack of caution and the exercise of ordinary care on the part of claimant was responsible for the accident which she sustained and not the action of the road commission in removing the snow from the surface of the highway in a windrow along the side of the road, which under all the circumstances disclosed by the record was necessary to be done in the interest of the public use of the road, and which work would appear to have been performed in the usual approved manner observed by respondent in cleaning snow from highways.
Under the facts proved by claimant she has failed to establish negligence on the part of the road commission. Under this evidence we cannot make an award in her favor.
An award is, therefore, denied.